# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

THREE EXPO EVENTS, L.L.C.

**DEFENDANTS**

CITY OF DALLAS, TEXAS, A.C. GONZALEZ, RON KING, MIKE RAWLINGS, CASEY THOMAS, CAROLYN KING ARNOLD, RICKEY D. CALLAHAN, TIFFINNI A. YOUNG, ERIK WILSON, (cont'd.)

**(b)** County of Residence of First Listed Plaintiff   Travis
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Roger Albright, Law Offices of Roger Albright,
3301 Elm Street, Dallas, TX 75226-1637
214.939.9224 / Fax 214.939.9229 / E-mail: rogeralbright@gmail.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
   Plaintiff

☒ 3 Federal Question
   *(U.S. Government Not a Party)*

☐ 2 U.S. Government
   Defendant

☐ 4 Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Product Liability |  |    28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ |  |  | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Pharmaceutical |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
|     & Enforcement of Judgment |     Slander      Personal Injury |  | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability |  | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |     Liability    ☐ 368 Asbestos Personal |  | ☐ 840 Trademark |     Corrupt Organizations |
|     Student Loans | ☐ 340 Marine      Injury Product |  |  | ☐ 480 Consumer Credit |
|     (Excludes Veterans) | ☐ 345 Marine Product      Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |     Liability    **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud |     Act | ☐ 862 Black Lung (923) |     Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |     Product Liability    ☐ 380 Other Personal |     Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |     Injury    ☐ 385 Property Damage | ☐ 751 Family and Medical |  | ☐ 895 Freedom of Information |
|  | ☐ 362 Personal Injury -      Product Liability |     Leave Act |  |     Act |
|  |     Medical Malpractice |  ☐ 790 Other Labor Litigation |  | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights    **Habeas Corpus:** |     Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |     Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee |  |     or Defendant) |     Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate |  | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence |  |     26 USC 7609 |     State Statutes |
| ☐ 245 Tort Product Liability |     Accommodations    ☐ 530 General |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
|  |     Employment    **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration |  |  |
|  |     Other    ☐ 550 Civil Rights |     Actions |  |  |
|  | ☐ 448 Education    ☐ 555 Prison Condition |  |  |  |
|  |     ☐ 560 Civil Detainee - |  |  |  |
|  |      Conditions of |  |  |  |
|  |      Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
   Proceeding

☐ 2 Removed from
   State Court

☐ 3 Remanded from
   Appellate Court

☐ 4 Reinstated or
   Reopened

☐ 5 Transferred from
   Another District
   *(specify)*

☐ 6 Multidistrict
   Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983

Brief description of cause:
Redress the deprivation of federal constitutional rights protected by the First & Fourteenth Amendments (cont'd.)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY

*(See instructions):*

JUDGE    Jane J. Boyle

DOCKET NUMBER    3:16-cv-00488-B

DATE
02/24/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

**I.      DEFENDANTS (cont'd.):**

B. ADAM McGOUGH and JENNIFER STAUBACH GATES

**VI.     CAUSE OF ACTION - Brief description of cause (cont'd.):**

as a result of the enactment of a municipal regulation banning speech and assembly.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THREE EXPO EVENTS, L.L.C., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| A.C. GONZALEZ, solely in his official | § | |
| capacity as City Manager, RON KING, | § | |
| solely in his official capacity as Executive | § | |
| Director of the Department of Convention | § | |
| and Event Services, MIKE RAWLINGS, | § | |
| in his official capacity as Mayor of the | § | |
| City of Dallas, CASEY THOMAS, in his | § | |
| official capacity as a member of the | § | CIVIL ACTION NO. |
| City Council of the City of Dallas, | § | |
| CAROLYN KING ARNOLD, in her | § | |
| official capacity as a member of the | § | _____ |
| City Council of the City of Dallas, | § | |
| RICKEY D. CALLAHAN, in his official | § | |
| capacity as a member of the City Council | § | |
| of the City of Dallas, TIFFINNI A. YOUNG, | § | |
| in her official capacity as a member of | § | |
| of the City Council of the City of Dallas, | § | |
| ERIK WILSON, in his official capacity | § | |
| as a member of the City Council of the | § | |
| City of Dallas, B. ADAM McGOUGH, | § | |
| in his official capacity as a member of | § | |
| the City Council of the City of Dallas, | § | |
| and JENNIFER STAUBACH GATES, in | § | |
| her official capacity as a member of the | § | |
| City Council of the City of Dallas, | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now the Plaintiff, THREE EXPO EVENTS, L.L.C. ("Expo") and brings this action for Preliminary and Permanent Injunctive Relief, Damages, Declaratory Relief and attorneys' fees pursuant to 42 U.S.C. 1983 and 1988(b). For cause of action against the Defendants, Plaintiff states the following:

### Nature of Case

1.      Plaintiff is an event promoter which over the past decade in conjunction with its affiliates has staged conventions with erotic, but non-obscene messages throughout the country in accordance with all applicable laws. The First Amendment protects the right of every citizen to "reach the minds of willing listeners and to do so there must be an opportunity to win their attention". *Kovacs v. Cooper*, 336 U.S. 77, 87, 69 S.Ct. 448, 93 L.Ed. 573 (1949). Both federal and Texas courts have consistently held that live entertainment such as a concert or the adult educational and artistic expo presented by Plaintiff is unquestionably speech and expression protected by the guaranties of the First Amendment. *Collins v. Ainsworth*, 382 F.3d 529, 539 (5th Cir. 2004). In the public arena setting, the First Amendment right of the speaker to freedom of expression supports the right to freedom of assembly and association enjoyed by all Dallas citizens since "implicit in the right to engage in First Amendment-protected activity is a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious and cultural ends". *Id.* at 539. The City of Dallas was fully aware

of the nature of Plaintiff's event and the fact that Expo's subject matter might be controversial. Nonetheless, the 2015 Expo convention went forward in the Dallas Convention Center, was a success and gave rise to no illegal conduct. Plaintiff and the City-owned Convention Center immediately began plans to return to Dallas and subsequent three (3) day expo was scheduled for May, 2016 until these Defendants without legal justification or explanation prohibited the Convention Center from formalizing its agreement with Expo through the passage of Resolution No. 160308 on February 10, 2016, a true and correct copy of which is marked Exhibit 1, attached hereto and incorporated herein by reference (the "Resolution"). When public officials subjectively and arbitrarily deny use of a public forum in advance of actual expression or association, a constitutionally impermissible prior restraint on the exercise of First Amendment rights occurs. With this Complaint, Expo seeks among other forms of relief an Order which preliminarily and permanently enjoins the City of Dallas and these Defendants from imposing their viewpoint on the citizens of Dallas and on the users of the publicly-owned Dallas Convention Center.

### Jurisdiction and Venue

2.    The Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 because this is a civil action arising under the Constitution of the United States, to wit: the First and Fourteenth Amendments to the United States Constitution. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. §§1343(a)(3) and (4) because this is an action to

redress the deprivation of federal constitutional rights under a municipal resolution within the provisions of 42 U.S.C. §1983. 42 U.S.C. §1983, provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Court may enter a declaratory judgment as provided in 28 U.S.C. §§2201 and 2222 and Rule 57, <u>Federal Rules of Civil Procedure</u>. Injunctive relief may be granted as provided by Rule 65, <u>Federal Rules of Civil Procedure</u>. The Court has jurisdiction under 28 U.S.C. §1367 to hear an action to redress a deprivation of rights guaranteed by the laws of the State of Texas. Venue of this case lies in the Northern District of Texas pursuant to 28 U.S.C. Section 1391(b) because this is a civil action not founded on diversity of citizenship, and this claim arose and these Defendants reside in this District.

### Parties

3.      Plaintiff Three Expo Events, L.L.C. ("Expo") is a Texas limited liability company with its principal place of business in Travis County, Texas. Expo has and continues to produce adult-themed conventions throughout the United States.

4.      Defendant City of Dallas, Texas ("City" or "Dallas") is a home rule city located in Dallas County, Texas. Defendant A.C. Gonzalez is sued solely in his capacity as the City Manager of the City of Dallas, Texas. Defendant Ron King is sued solely in his

capacity of Executive Director of the Department of Convention and Event Services. Defendant Mike Rawlings ("Rawlings" or "Mayor") is the Mayor of the City of Dallas. Rawlings is sued in his official capacity as Mayor of the City of Dallas. Defendants Casey Thomas is sued in his official capacity as a member of the City Council of the City of Dallas; Carolyn King Arnold is sued in her official capacity as a member of the City Council of the City of Dallas; Rickey D. Callahan is sued in his official capacity as a member of the City Council of the City of Dallas; Tiffinni A. Young is sued in her official capacity as a member of the City Council of the City of Dallas; Erik Wilson is sued in his official capacity as a member of the City Council of the City of Dallas; B. Adam McGough is sued in his official capacity as a member of the City Council of the City of Dallas; and Jennifer Staubach Gates is sued in her official capacity as a member of the City Council of the City of Dallas (all Defendants are collectively referred to as the "Dallas Defendants"). Defendants may be served with process as follows:

> City of Dallas, Texas
> Attn: Rosa A. Rios
> City Secretary
> 1500 Marilla Street, Room 5DS
> Dallas, Texas  75201

> A.C. Gonzalez
> City Manager
> 1500 Marilla Street, Room 4EN
> Dallas, Texas  75201

Ron King
Executive Director
Department of Convention and Event Services
Kay Bailey Hutchison Convention Center Dallas
650 S. Griffin Street
Dallas, Texas   75202-5005

Mike S. Rawlings
Mayor, City of Dallas
1500 Marilla Street, Suite 5EN
Dallas, Texas 75201

Casey Thomas
Council Member
City Council District 3
1500 Marilla Street, Suite 5FS
Dallas, Texas 75201

Carolyn King Arnold
Council Member
City Council District 4
1500 Marilla Street, Suite 5FS
Dallas, Texas 75201

Rickey D. Callahan
Council Member
City Council District 5
1500 Marilla Street, Suite 5FS
Dallas, Texas 75201

Tiffinni A. Young
Council Member
City Council District 7
1500 Marilla Street, Suite 5FN
Dallas, Texas 75201

Erik Wilson
Deputy Mayor Pro Tem
City Council District 8
1500 Marilla Street, Suite 5DN
Dallas, Texas 75201

B. Adam McGough
Council Member
City Council District 10
1500 Marilla Street, Suite 5FS
Dallas, Texas 75201

Jennifer Staubach Gates
Council Member
City Council District 13
1500 Marilla Street, Suite 5FS
Dallas, Texas 75201

## Preliminary Facts

5.      Plaintiff and/or its director have produced over twenty-five (25) successful

Exxxotica events throughout the United States over the course of the last decade.  On

average, 15,000 to 20,000 persons attend each show and the resulting economic benefit to

the citizens of Dallas is significant.  That is why the City is in the convention business and

there is a Dallas Visitors & Convention Bureau to provide assistance to potential

convention customers.

6.      In March, 2014, Plaintiff contacted the City about staging its adult event

known as Exxxotica at the Dallas Convention Center in calendar year 2015.  Rather than

in any way attempt to hide or somehow shade the nature of its event, Expo clearly and

openly described the nature of the event and its content.  It disclosed it would spend

between $100,000.00 and $150,000.00 on advertising and that attendees would book probably around two hundred fifty (250) hotel rooms per night.  As early as July, 2014, Expo specifically asked that the Chief of Police, the Mayor and the former United States Senator for whom the Convention Center was named be made aware of the pending contract to avoid any potential issues.  In September, 2014, Expo was advised by the Convention Center that the Mayor's designee would be in attendance for the site visit that was scheduled for Plaintiff and that the City needed to arrive at a date certain and be sure the  show was going to happen in 2015 before they opened a conversation with Senator Hutchison.  A contract was prepared and a site visit scheduled.  In furtherance of site visit, officials with the Dallas Convention & Visitors Bureau arranged Expo's itinerary, including multiple potential lodging options.  In January, 2015, a contract was signed for the three (3) day event to take place at the Convention Center in August, 2015.

7.      On July 29, 2015, representatives of Expo and the City including the Dallas Police Department Vice Division and the Convention Center conferred.  Plaintiff and Dallas DPD outlined their agreements and understandings:  no one under eighteen (18) would be allowed into the expo, sexual activities would be prohibited and no Penal Code offenses such as obscenity, public lewdness, etc. would be permitted.  A final, in-person meeting was held on August 4, 2015 with City staff including the City Attorney's Office and DPD/Vice.

8.      Despite the City suddenly seeking in August, 2015 to act as if the booking

of the event was an unplanned surprise, the event was a success. As Dallas Police Chief David Brown later told the City Council, the undercover officers who attended the event saw no crimes being committed or other problems. That event included artistic presentations and/or educational seminars ranging from "O Wow, Discovering Your Ultimate Orgasm" to "Love, Sex and Life in an Open Marriage" or even "Bondage 101 with Mistress Isabela Sinclair". Attendees could participate in the "Hedonism Vacation Giveaway Extravaganza" or "Exxxotica's Newlywed Game". Dallas Police Officers viewed all parts of the event while it was underway – including those parts later deemed objectionable by the Mayor – and found nothing amiss.

9.     Following the successful 2015 Exxxotica event, Plaintiff advised the Convention Center that it wished to schedule a similar convention for 2016 and was told as early as August, 2015 to "please go ahead and make a formal request for dates . . [since]. . it will take us some time, as we will once again, want to run this information by all interested parties". The 2016 event would once again include educational seminars and erotic, but not obscene, entertainment designed to communicate a particular viewpoint regarding love and human sexuality. Following the Exxxotica debrief in September, 2015, the Convention Center and Plaintiff penciled in the dates of May 20-22, 2016 for the Exxxotica event in Dallas. As recently as January 19, 2016, the Convention Center was advising Plaintiff that it was doing its very best to get the contract out to Expo the next week and that it was working with the DPD/Vice to procure the final

information needed.

10.    However, beginning at the Dallas City Council retreat in early February,
Defendant Mayor Rawlings advised that he did not want Exxxotica to return in 2016. On
Friday, February 5, 2016, Rawlings publically acknowledged that he had asked the City
Attorney's Office to draft a resolution which "directs the City Manager to not enter into
a contract with Three Expo Events, L.L.C. for the lease of the Dallas Convention Center"
and had directed the City Manager to place such resolution on the City Council Agenda
for February 10, 2016. This action was undertaken despite the fact that the City Council
had already been told at its retreat by its City Attorney that the Exxxotica convention was
a legal business protected by the First Amendment. On Saturday, February 6, 2015, the
Dallas Morning News reported that "Billionaire Oilman Ray Hunt, one of downtown's
highest-profile property owners, emailed the Dallas City Council this weekend asking
them to vote Wednesday against allowing a porn convention to open shop at the city-
owned convention center . . . [Since he believes Exxxotica] . . . constitutes an activity that
runs totally counter to the values, mores and beliefs of the vast majority of the citizens of
the City of Dallas". Ron King, the Executive Director of the Dallas Convention Center
acknowledged that he had prepared the contract for Exxxotica's 2016 return to the Dallas
Convention Center and that although the facility cannot discriminate based on content,
he sent the contract to the City Attorney when the convention center started hitting
"speed bumps [from] people who said you shouldn't have that in this facility". The City

Attorney, in turn, correctly advised the City Council that the First Amendment allowed Exxxotica to have access to the Convention Center and that the City's SOB Ordinance (Chapter 41A), including its 1,000 foot restrictions, did not apply to conventions. Chapter 41A is inapplicable because it's a licensing ordinance for a place of business, not a precondition for the exercise of First Amendment freedoms.  The business of the Convention Center is being a convention center. It does not become a medical clinic when it hosts a medical clinic event in April, 2016 (NAFC 2016 Care Clinics). It did not become a car dealership or auction house when it hosted the Mecam Auto Auction.  Nor did the "auction house" need a license or a certificate of occupancy. Likewise, it does not become a sexually oriented business when it hosts an adult show especially when Exxxotica does not even meet the SOB definition contained within the ordinance.  It did not become a Rave Club when it hosted "Lights All Night" – a multi-night electronic music event which resulted in numerous arrests and drug overdoses (of course, when a similar event was held in a private facility, the City deemed it to be a public nuisance).  Section 41A-1(a) of the City's SOB Ordinance expressly provides that "it is neither the intent nor effect of this Chapter to restrict or deny access by adults to sexually oriented materials and performances protected by the First Amendment, or to deny access by the distributors and exhibitors of sexually oriented entertainment to their intended market". The Dallas Police Department had already discussed Exxxotica at length with the Dallas City Council, advised that the Exxxotica convention was not a concern and that, in fact, the

undercover officers who attended in 2015 said they were bored.

11.     On Wednesday, February 10, 2016, the City Council faced a tsunami of apparently coordinated speakers whose goal was to tie Exxxotica to pornography and, in turn, to tie pornography to sex trafficking, anti-social behavior and rape. However, the City Council was also told by the Dallas City Attorney that the Dallas City Code regulating sexually oriented businesses (Chapter 41A) does not apply because Exxxotica as discussed hereinabove is a temporary event in the convention center. Prior to any vote being taken, the Council was also informed by Dallas Police Chief David Brown that: undercover officers who attended Exxxotica in 2015 saw no crimes being committed, there had been no spike in prostitution in the area and there had been no violations of Texas obscenity laws or anything else that required police intervention or action. Nevertheless, deciding in the words of Defendant Mayor Rawlings that they were "not about to hide behind a Judge's robes or, even, the Constitution" the eight (8) members of the City Council including the Mayor named as Defendants herein, passed Resolution No. 160308 that the City Manager be directed to not enter into the pending contract with Three Expo Events, L.L.C. to allow Exxxotica to return to the Dallas Convention Center. The decision made by these eight Council Members was based solely on their personal beliefs regarding the content of Plaintiff's message.

12.     The Dallas Convention Center (now known as the Kay Bailey Hutchison Convention Center Dallas) contains a million square feet of exhibit space.  It vigorously

works to host big, diverse events, including sporting events, international conferences, trade shows, meetings and conventions. The convention center has been owned and operated by the City of Dallas since 1957 and this is not the first time that its activities have resulted in a First Amendment challenge. In 1984, the Republican National Convention was held at the Dallas Convention Center. The controversial nature of that convention caused several protests to occur including one which ended in the burning of the American flag in City Hall Plaza immediately adjacent to the Convention Center. Although the State of Texas initially charged and convicted the protestor, the United States Supreme Court in *Texas v. Johnson*, 491 U.S. 397 (1989) upheld the First Amendment rights of the protestor holding "if there is a bedrock principle underlying the First Amendment, it is that government may not prohibit the expression of an idea simply because society finds the idea offensive or disagreeable". Despite this controversy, the Republican Party of Texas is invited back to the Convention Center for three days in May, 2016. This is also not the first time the Mayor in his self-described role as "chief brand manager" has attempted to control Convention Center bookings only to run afoul of the Constitution. In 2013, he initially suggested that gun shows not be hosted by the Convention Center, but was required (along with other Texas cities) to backtrack when he was advised by then Attorney General Greg Abbott that the City would face "a double-barreled lawsuit".

13.     The Dallas Convention Center is operated by the Convention & Events

Services Department of which Ron King is the Executive Director. The Director of Convention & Events Services ultimately reports to the City Manager. Through Resolution No. 160308 adopted February 10, 2016 by a vote of eight to seven, the City Council directed the City Manager (A.C. Gonzalez) to not enter into a contract with Plaintiff to allow Exxxotica to return to the Dallas Convention Center. Ron King and A.C. Gonzalez are sued solely in their official capacities so that the Court may direct them to enter into a contract with Plaintiff despite the action of the eight Council Members including the Mayor.

14.     The case law in this area is well settled. The United States Supreme Court was presented with similar facts forty (40) years ago in the case of *Southeastern Promotions, Ltd. v. Conrad,* 420 U.S. 546 (1975). The City of Chattanooga blocked the rock musical *Hair* from its municipal theater because the City Council deemed the content of the production to be obscene. The Supreme Court first addressed the same notion citizen Hunt proposed to the Dallas City Council, i.e. Exxxotica might use some other privately owned venue and correctly indicated that suggestion is of no consequence since "one is not to have the exercise of his liberty of expression in appropriate places abridged on the plea that it may be exercised in some other place". *Schneider v. State,* 208 U.S. 147 at 163 (1939). Instead, the Court found that any system of prior restraint "comes to this Court bearing a heavy presumption against its constitutional validity" and held that a system of prior restraint such as the one imposed by the Dallas Defendants runs afoul of the First Amendment

since it lacks any of the necessary safeguards:   a) the burden of instituting judicial proceedings and proving that the material is unprotected must rest on the censor not the protected speaker;  b) any restraint prior to judicial review must be imposed only for a specified brief period and only for the purpose of preserving the *status quo*; and c) a final judicial determination must be assured. *Freedman v. Maryland*, 380 U.S. 51, 58 (1965).  In other words, the show must go on unless and until the City elects to undertake judicial action and prove the Exxxotica convention is obscene rather than protected expression under the First Amendment.  Instead, the City's denial of the use of municipal facilities for the Exxxotica convention based solely on the personal opinions or beliefs of a bare majority of the City Council as to the subject matter or content of the production constitute an impermissible and unconstitutional prior restraint.  *Shuttlesworth v. Birmingham*, 394 U.S. 147, 150-151 (1969).  A system of prior restraint can avoid constitutional infirmity only if it takes place under procedural safeguards designated to obviate the dangers of a censorship system" *Freedman v. Maryland*, 380 U.S. 51, 58 (1965).

### Irreparable Harm

15.     If the Dallas Defendants are allowed to deny Plaintiff access to the Dallas Convention Center, irreparable harm will result to Plaintiff should an injunction not issue and the threatened injury to Plaintiff outweighs the threatened harm to the Dallas Defendants.  The granting of injunctive relief will not disserve the public interest and there is the substantially likelihood that Plaintiff will prevail on the merits.  There is a

strong presumption of irreparable injury in cases involving infringement on First Amendment rights. *Elrod v. Burns*, 427 U.S. 347 (1976). "The loss of First Amendment freedoms for even minimal periods of time, unquestionably constitutes irreparable injury". *Id.* Plaintiff will lose not merely money, but customers and goodwill created over a number of years resulting in a loss which is difficult or impossible to calculate. Plaintiff seeks a preliminary injunction and an Order adjudicating the constitutionality of the actions of the Dallas Defendants.

16.     The Dallas Convention Center is not the only public forum owned and operated by the City of Dallas. The City of Dallas also owns and operates (alone or in conjunction with others) the WRR radio station, the Municipal Produce Market (i.e., Farmers Market), Union Station, the American Airlines Arena, the Magnolia Theater and Fair Park. In accordance with the provisions of Section 2-47(b) of the Dallas City Code, the Director of Convention & Event Services and any designated representatives "may represent the City in negotiating and contracting with persons planning to use the facilities of the Convention Center . . .". As evidenced by the contract entered into between Plaintiff and the City in 2015, there is no need for the City Council to review or approve any contract in order for same to be binding upon the City.

17.     Ron King, Director of Convention & Event Services is empowered to represent the City in contracting with persons planning to use the Convention Center. As recently as January 19, 2016, the Convention Center indicated that the contract for the

2016 convention should be delivered to Expo by the week of January 25, 2016. Instead as set forth hereinabove, on February 10, 2016 the eight members of the Dallas City Council named as Defendants prohibited the Convention Center from entering into a contract with Plaintiff by passing a Resolution forbidding same. Such action is in violation of the First and Fourteenth Amendments to the United States Constitution. Absent injunctive relief by this Court, Plaintiff will lose the opportunity to enter into the prospective contract as a result of the interference by Defendants. Even with an injunction, the Defendants' interference with the Plaintiff's prospective contract with the Convention Center has already caused damage by delayed booking, advertising, etc. and will cause future damage to the Plaintiff by depriving the Plaintiff of the profits it would otherwise have received as a result of the convention which would have been held under the Contract and through the loss of customer goodwill and on-going business relationships with various vendors and exhibitors who attend the convention.

**Count I**

42 U.S.C. Section 1983 - Free Speech Clause Violation - All Defendants

18.     Plaintiff realleges each and every fact set forth in paragraphs 1-17 of this Complaint and incorporates same herein by reference.

19.     The actions of the Defendants have deprived Plaintiff of right and liberty interests protected by the Free Speech Clause of the First and Fourteenth Amendments to the United States Constitution in that *inter alia*:

(a)     The Defendants engaged in content-based and viewpoint based discrimination when they denied Exxxotica access to the Dallas Convention Center thus prohibiting Plaintiff from going forward with holding its three (3) day convention as previously scheduled for May, 2016.  That action facially constitutes an impermissible prior restraint and as applied to Plaintiff deprives Plaintiff of its rights of freedom of speech and freedom of assembly as guaranteed by the First and Fourteenth Amendments.  Defendants' ban is subject to strict scrutiny.

## Count II

42 U.S.C. Section 1983 - Due Process Clause/Equal Protection Clause
Violations - All Defendants

20.     Plaintiff realleges each fact set forth in paragraphs 1 through 19 of this Complaint and incorporates them herein by reference.

21.     The actions of the Dallas Defendants have deprived Plaintiff of rights and liberty interests protected by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution in that the denial of its right to use the Dallas Convention Center is being arbitrarily denied based on unfounded claims or allegations of conduct by third parties unrelated to Plaintiff or its use of the Convention Center without benefit of procedural or substantive due process.  Plaintiff is being subjected to unequal, arbitrary treatment because of the content of its message.

Defendants' ban is subject to strict scrutiny.

22. There was no evidence presented or hearing held to determine if any of the societal ills complained of by the speakers before the Dallas City Council were in any way related to the Exxxotica convention. The reality as seen by the testimony of the Chief of Police of the City of Dallas was and is that, in fact, there is no connection. The use of such allegations to deny access to Plaintiff becomes a prior restraint designed to suppress the content of Plaintiff's protected expression in violation of the First Amendment of the Constitution. The use of a mere allegation by the City of Dallas to deny protected First Amendment expression has already been found to not pass constitutional scrutiny in *Dumas v. City of Dallas*, 648 F.Supp. 106 (N.D. Tex 1986) which struck down provisions of the original City of Dallas SOB Ordinance whereby the City attempted to use mere allegations to revoke licenses. In this situation, Plaintiff is being arbitrarily denied the use of the Dallas Convention Center without either procedural or substantive due process and Plaintiff is being subjected to unequal treatment under the law in violation of the Equal Protection provisions of the Fourteenth Amendment.

### Count III

#### Damages

23. Plaintiff realleges each and every fact set forth in paragraphs 1 through 22 of this Complaint and incorporates same herein by reference.

24. As set forth above, the past relationship and dealings between the Plaintiff

and the Convention Center made the execution of a contract for a convention in 2016 at the Dallas Convention Center reasonably probable.  Defendants through Resolution No. 160308 banned Plaintiff from the Convention Center.  The Defendants' conduct results in actual harm or damage to Plaintiff and the acts of interference by the Defendants is a proximate cause of Plaintiff's damages.

WHEREFORE, premises considered, Plaintiff prays that this Court grant relief as follows:

    (1)    for a preliminary injunction enjoining the Defendants, their officers, agents, servants, attorneys and others acting in active participation or concert with them from interfering with the 2016 Exxxotica Expo being held at the Dallas Convention Center by seeking to enforce the February 10, 2016 Resolution No. 160308, refusing to contract with Plaintiff or otherwise and directing them to enter into a contract with Expo for the planned 2016 convention;

    (2)    a declaration that the Resolution No. 160308 passed by the Dallas Defendants on February 10, 2016 denying Plaintiff the right to enter into a contract with the Dallas Convention Center is unconstitutional under the First and Fourteenth Amendments both facially and as applied;

    (3)    a permanent injunction enjoining the Defendants, their officers,

agents, servants, attorneys and others acting in active participation or concert with them from enforcing the February 10, 2016 Resolution No. 160308 against the Plaintiff, refusing to contract with Plaintiff or otherwise interfering with the Plaintiff's rights to full access to the Dallas Convention Center and directing them to enter into a contract with Expo for the planned 2016 convention;

(4)     an award of monetary damages for Plaintiff's current economic losses related to its denial of access to the Dallas Convention Center as well as damages for the violation of its federal constitutional rights;

(5)     an award of attorney's fees and costs of suit pursuant to 42 U.S.C. Section 1988(b) and Civil Rule 54(v); and

(6)     such other relief be it legal or equitable as this Court in the sound exercise of its discretion may deem just.

Respectfully submitted,

 /s/ Roger Albright
Roger Albright
(State Bar No. 009 745 80)
Law Offices of Roger Albright
3301 Elm Street
Dallas, Texas  75226-2562
Telephone:  (214) 939-9222
Facsimile:  (214) 939-9229
E-mail:  rogeralbright@gmail.com

COUNSEL FOR PLAINTIFF

# EXHIBIT 1

**160308**

February 10, 2016

**WHEREAS,** Three Expo Events, LLC requests to contract with the City to hold a three-day adult entertainment expo at the Dallas Convention Center; **Now, Therefore,**

**BE IT RESOLVED BY THE CITY COUNCIL OF THE CITY OF DALLAS:**

**Section 1.** That the City Council directs the City Manager to not enter into a contract with Three Expo Events, LLC, for the lease of the Dallas Convention Center.

**Section 2.** That this resolution shall take effect immediately from and after its passage in accordance with the provisions of the Charter of the City of Dallas, and it is accordingly so resolved.

APPROVED BY
CITY COUNCIL

FEB 10 2016

City Secretary