IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THREE EXPO EVENTS, L.L.C., | § | |
|    Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:16-cv-00513-D |
| v. | § | |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
|    Defendant. | § | |

## JOINT STATUS REPORT

1. **A brief statement of the nature of the case, including the contentions of the parties.**

   **Nature of the Case:**

   Plaintiff, Three Expo Events, L.L.C. (Three Expo) is engaged in the business of producing and presenting adult entertainment exhibitions and conventions in major cities of the nation. After staging such an event in the City of Dallas's Convention Center (the "Convention Center") in August 2015, (Exxxotica 2015) the City and Three Expo informally agreed to a second convention (Exxxotica 2016) to be held at the Convention Center on May 20-21, 2016. The Convention Center was in the process of drafting a contract for Exxxotica 2016 when Dallas's mayor advised that he did not want the Exxxotica event to return to the Convention Center. The mayor directed the City Attorney to draft a resolution and on February 10, 2016, the City Council adopted Resolution No. 160308, by a vote of 8 to 7, which directed the City Manager to not enter into a contract with Three Expo for the lease of the Convention Center.

   On February 24, 2016, Three Expo filed suit against the City. The district court denied Three Expo's motion for preliminary injunction, and no Exxxotica event took place in Dallas in 2016. Three Expo's amended complaint alleges that the City's actions and resolution denying Exxxotica 2016 access to the Convention Center violated the First Amendment, the Equal Protection Clause, and the Bill of Attainder Clause of the United States Constitution. After discovery, the City filed a motion to dismiss for lack of jurisdiction, contending that Three Expo lacked standing to bring suit. The district court granted the City's motion. The Fifth Circuit Court of Appeals reversed the decision based on (1) clear errors in the district court's factual findings; and (2) the district court's manifest failure to apply the well-established principles of law governing Article III standing to the entire evidence of record in this case.

   Plaintiff, Three Expo contends and the evidence supports that the Convention Center is a designated public forum and that the City should be enjoined from violating Plaintiff's first amendment and equal protection rights by banning Three Expo from the Convention Centre. Plaintiff also contends that the City's actions constitute an illegal Bill of Attainder. In addition to injunctive relief, Plaintiff is entitled to monetary damages including for net

1

revenues lost by the City's refusal to allow Three Expo to hold its annual convention in the Convention Center for years 2016 through 2019, as well as reasonable attorneys' fees.

**City's Contentions**

*Plaintiff's Free Speech Clause Claim*
The City contends the Convention Center is a nonpublic forum and the City's action in passing Resolution No. 160308 was viewpoint neutral and reasonable in light of the Convention Center's purpose as an economic engine for the City. Further, the City contends Plaintiff cannot demonstrate that the City discriminated against Three Expo Events, LLC based on its viewpoint, which has always been vague and evolving, and because the City's action was reasonable in light of the multiple contract and penal code violations which took place in connection with Exxxotica Dallas 2015, and in light of the fact that the City otherwise restricts the type of conduct which took place at Exxxotica Dallas 2015. The City also contends that Plaintiff's as-applied challenge should be denied because the City's ordinance has long since been found to pass constitutional muster.

*Plaintiff's Equal Protection Claim*
The City contends it did not treat Plaintiff differently that similarly situated entities, that is, those who either declined to enter into contracts for the lease of the Convention Center, or those who violated contractual provisions and penal codes in conjunction with their lease or attempted lease of the Convention Center. Additionally, the City's action in passing the Resolution did not implicate any of Plaintiff's constitutional rights.

*Plaintiff's Bill of Attainder Claim*
The City contends Resolution No. 160308 was passed for nonpunitive purposes and did not constitute punishment. The City further contends Plaintiff cannot prove that the Council members who voted in favor of the Resolution did so with the intent to punish Plaintiff.

Finally, the City contends Plaintiff's request for mandatory injunctive relief should be denied because Plaintiff's request seeks relief which Plaintiff would reject.

The City has filed a motion for summary judgment on all of Plaintiff's claims.

2. **Any challenge to jurisdiction or venue.**

   None.

3. **Any pending or contemplated motions and proposed time limits for filing motions.**

   **Pending:**

   Plaintiff's Renewed Motion for a Preliminary Injunction;

   Plaintiff's Motion for Partial Summary Judgment (On Liability, Declaratory and Injunctive Relief); and

        Defendant's Motion for Summary Judgment.

        **Contemplated:** None.

4. **Any matters which require a conference with the court.**

    None.

5. **Likelihood that other parties will be joined and the deadline for adding parties and amendment of pleadings.**

    None.

6. **(a) An estimate of the time needed for discovery with reasons, (b) a specification of the discovery contemplated, and (c) limitations, if any, that should be placed on discovery. If these matters are specifically addressed in the proposed discovery plan, the parties need not address them here.**

    **(a) an estimate of the time needed for discovery with reasons**

    None. Discovery closed in January, 2017.

    **(b) a specification of the discovery contemplated**

    None.

    **(c) Limitations, if any, that should be placed on discovery**

    None.

7. **A statement that counsel have read the Dondi decision, 121 F.R.D. 284 (N.D. Texas 1988, and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

        Plaintiff's counsel and counsel for City of Dallas confirm each has read the *Dondi decision* and are familiar with the District's Civil Justice Expense and Delay Reduction Plan.

8. **Requested trial date, estimated length of trial, and whether a jury has been demanded.**

   Plaintiff requests a trial date the week of July 8th or July 15th of 2019. Plaintiff estimates length of trial is 2 -3 days. A jury has been demanded.

   The City was previously represented by outside counsel in this matter and the undersigned counsel for the City was very recently assigned to this case. Accordingly, the City respectfully requests time for its attorneys to familiarize themselves with the case and to prepare for the remaining dispositive motions and trial. The City requests a trial date in January 2020 and estimates 5 days for trial.

9. **Whether the parties will consent to a trial (jury or nonjury) before United States Magistrate Judge David L. Horan per 28 U.S.C. §636(c). The parties are simply to state that they consent or do not consent to trial before the magistrate judge. The court does not wish to know the identity of the party refusing to consent. See Fed. R. Civ. P. 73(b).**

   The parties will not consent to trial before the Magistrate Judge.

10. **Prospects for settlement, and status of any settlement negotiations.**

    The parties are actively engaged in settlement negotiations which they hope to conclude in the next few weeks. Based on the current status, the parties are optimistic that a settlement will occur.

11. **Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

    Should settlement efforts not be successful, the parties would agree to mediation or other alternative dispute resolution.

12. **Any other matters relevant to the status and disposition of this case.**

    Given the ongoing settlement negotiations, the parties would request that the Court take no action on the pending motions unless and until the parties advise the Court that a settlement cannot be reached.

Respectfully submitted,

Roger Albright, LP

*/s/ Roger Albright*

Roger Albright
Texas State Bar No. 00974580
1100 Atrium II
1701 N. Collins Blvd.
Richardson, TX 75080
Telephone No.: (972) 644-8181
Telecopier No.: (972) 644-8180
Email: roger@sheilswinnubst.com

ATTORNEY FOR PLAINTIFF

-and-

BERKMAN, GORDON, MURRAY & DeVAN

*/s/ J. Michael Murray*

J. Michael Murray
Ohio Bar No. 0019626
55 Public Square, Suite 2200
Cleveland, Ohio  44113-1949
Telephone No.: (216) 781-5245
Telecopier No.: (216) 781-8207
Email: jmmurray@bgmdlaw.com

ATTORNEYS FOR PLAINTIFF

-and-

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS, TEXAS

CHRISTOPHER J. CASO
INTERIM CITY ATTORNEY

*/s/ Stacy Jordan Rodriquez*
Stacy Jordan Rodriquez
Executive Assistant City Attorney
Texas State Bar No. 11016750
stacy.rodriguez@dallascityhall.com

CHARLES A. "CAL" ESTEE
Senior Assistant City Attorney
Texas State Bar No. 24066522
cal.estee@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone No.: (214) 670-3519
Telecopier No.: (214) 670-0622

ATTORNEYS FOR DEFENDANT